NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**INTEGRATED CLAIMS SYSTEMS, LLC,**
*Appellant*

**v.**

**TRAVELERS INDEMNITY COMPANY,**
*Appellee*

---

2018-1142, 2018-1143

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2016-00659, IPR2016-00660.

---

Decided: February 22, 2019

---

JOHN F. WARD, Kelley Drye & Warren, LLP, New York, NY, argued for appellant. Also represented by DAVID LINDENBAUM.

JOSHUA GOLDBERG, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, argued for appellee. Also represented by DANIEL FRANCIS KLODOWSKI, JAMES R. BARNEY; ROBERT L. BURNS, II, Reston, VA.

---

Before DYK, BRYSON, and CHEN, *Circuit Judges.*

CHEN, *Circuit Judge.*

Patent Owner Integrated Claim Systems, LLC (ICS) appeals from two *inter partes* review final written decisions by the Patent Trial and Appeal Board (Board) finding unpatentable claims 28–32 of U.S. Patent No. 6,338, 093 and claims 1–4, 14, 16, 19–21, 26, and 30–33 of U.S. Patent No. 7,694,129 under 35 U.S.C. § 103 for obviousness over certain prior art. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A). Because ICS's arguments lack merit, we *affirm*.

The two patents are part of the same family and relate to a system for processing insurance claims that integrates images and claim form information into a single file as the two are transmitted from the sender (e.g., a doctor's office) to the recipient (e.g., a claims processor at an insurance company). This court has previously issued two judgments summarily affirming, without opinion, Board unpatentability decisions on ICS patents directed to the same technology with similar specifications. *Integrated Claims Systems, LLC v. Care N' Care Insurance Company, Inc. and Trizetto Corp.*, Nos. 16-2527, 16-2733, 16-2734 (Fed. Cir. May 3, 2018); *Integrated Claims Systems, LLC v. Travelers Lloyds of Texas Ins. Co.*, Nos. 16-2163, 16-2164 (Fed. Cir. Apr. 11, 2017).

At issue in this appeal is the term "field" in the claims found unpatentable. The only independent claim at issue in the '129 patent reads:

> 1. A method of processing digital data and images, comprising:
>
> receiving:
>
>> first data into identifiable *fields* to create a first set of filled identifiable *fields*, wherein at least one of the first set of filled

> identifiable *fields* contains at least one image; and
>
> second data into identifiable *fields* to create a second set of filled identifiable *fields*, wherein the second set of filled identifiable *fields* is a nonempty set, and
>
> wherein at least some of the first and second data are information that identifies the source of the first and second data;

presenting a graphic user interface (GUI) comprising a set of *fields*,

> wherein at least one of the *fields* of the GUI contains an image from the first set of filled identifiable *fields*, and
>
> wherein at least one of the *fields* of the GUI is filled with data from the second set of filled identifiable *fields*;

receiving an indication to proceed with processing data; and

in response to receiving the indication:

> using data from at least one *field* of the second set of filled identifiable *fields* to complete at least one *field* in at least one data bank.

'129 patent col. 44 ll. 28–64 (emphasis added).[1]

---

[1]    Neither side argues that the term "field" is used in a substantively different manner in the '093 patent.  Due to the strong similarity in the specifications amongst this family of ICS patents, we treat this '129 patent claim as representative for purposes of the construction of the term "field."

The Board construed "field" in the '129 patent to mean "entries created for, at least, alphanumeric data or image data." In support of its construction, the Board pointed to several passages from the '129 patent. *Id.* at col. 10 ll. 55–59, col. 12 ll. 50–55, col. 22 ll. 30–35, col. 32 ll. 23–28, col. 33 ll. 16–20; *see also id.* at col. 13 ll. 44–48, col. 23 ll. 23–27. Based on our review of the patent, the Board's construction is tied directly to and supported by the language of the specification, while ICS's proposed construction, "data comprised of 'label' data and 'content' data," is not. Thus, we find that the Board correctly construed "field" in the '129 patent to mean "entries created for, at least, alphanumeric data or image data."

ICS argues that the term "field" in the phrase "identifiable fields" means something different from its use in the phrase "fields of the GUI." We disagree. We have counseled that "claim terms are normally used consistently throughout the patent" such that the usage of a term in one claim can often illuminate the meaning of the same term in both the same claim and other claims. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (en banc); *Gillespie v. Dywidag Systems Intern., USA*, 501 F.3d 1285, 1291 (Fed. Cir. 2007). We see no basis in the record for why "fields" should mean something different in each of these phrases. Rather, we conclude that the Board's construction of the term "field" makes sense in both phrases and reject all of ICS's claim construction arguments.

Under the Board's correct construction of "field," we find ICS's remaining arguments unpersuasive. In particular, we find the Board's findings as to how the claim limitations involving the term "field" were disclosed in the prior art supported by substantial evidence and accordingly *affirm* the Board's decision as to unpatentability of the claims-at-issue.

**AFFIRMED**

## COSTS

Costs to Appellee.